UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES A. HONE, *a/k/a* James Hone,

Plaintiff,

v.

9:26-CV-1076
(ECC/DJS)

KRISTEN J. DELISLE, et al.,

Defendants.

---

APPEARANCES:

JAMES A. HONE
Plaintiff, pro se
19-B-2347
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

ELIZABETH C. COOMBE
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff James Hone asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Complaint ("Compl."); Dkt. No. 2, IFP Application. Plaintiff, who is incarcerated at Clinton Correctional Facility, has not paid the filing fee for this action.

## II. IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No.

09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[1] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed and signed IFP Application, Dkt. No. 2, which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 4. Accordingly, the IFP Application is granted.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. *See id*.

---

[1] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

**B. Summary of the Complaint**

The complaint asserts allegations of wrongdoing that occurred while plaintiff was incarcerated at Clinton County Correctional Facility ("Clinton") as a convicted prisoner. *See generally* Compl. The following facts are set forth as alleged by plaintiff in his complaint.

Plaintiff is "a Caucasian senior citizen." Compl. at 5. From approximately May of 2022 through April of 2023, plaintiff "performed satisfactorily as a library clerk," at Clinton. *Id.* at 9. It was a job plaintiff felt he was "well qualified for," as he held "a college degree in journalism." *Id.*

Sometime in or around the beginning of May of 2023, plaintiff "wrote letters to defendant [senior librarian Kristen] Delisle and others to inform them of an incident between plaintiff and a black incarcerated individual that occurred in the prison library May 8, 2023, between the hours of 8 a.m. and 2 p.m." Compl. at 5.

On or about May 11, 2023, between the hours of 7 a.m. and 9 a.m., in the general library at Clinton, Delise "unlawfully retaliated against plaintiff," Compl. at 5, by changing

plaintiff's duties and "directing [him] to perform tasks that are not listed in the General Library Directive," *id.* at 5-6. Further, "Delisle discriminated against plaintiff, denying him equal protection by penalizing plaintiff and supporting another library worker who is African American." *Id.* at 8.

Delise "then maliciously prosecuted plaintiff by alleging that he violated prison rules, and plaintiff was removed from his library job." Compl. at 6. Plaintiff was ultimately "replaced in the Library clerk job by a younger, African American who [wa]s acquainted with the African American clerk with whom plaintiff worked when the incident happened." *Id.* at 8-9.

Additionally, "plaintiff was suspended from a correctional education program in which he was engaged," as well as "being denied six months of 'good (behavior) time' credit that he could have earned if not for [Delisle's] actions." Compl. at 6.

"Plaintiff exhausted administrative remedies by filing grievances as required by the Prison Litigation Act." Compl. at 7.

"On or about July 10, 2023, defendant [Superintendent Mariejosee] King made false statements in a grievance appeal decision, claiming plaintiff displayed an 'argumentative' demeanor while speaking to defendant Delisle on May 12, 2023." Compl. at 7.

Liberally construed, the complaint asserts Section 1983 claims alleging that (1) Delisle retaliated against plaintiff in violation of his First Amendment rights; (2) Delisle violated plaintiff's guarantee to Equal Protection; and (3) defendants Delisle and King conspired to interfere with plaintiff's civil rights. Compl. at 11. Plaintiff seeks monetary damages. *Id.* For a more complete statement of plaintiff's claims, reference is made to the complaint.

**C. Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).

**1. Official Capacity Claims**

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

The Eleventh Amendment bars Section 1983 claims for money damages against state actors sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.").

Accordingly, insofar as plaintiff asserts Section 1983 claims for money damages against any named defendant in his or her official capacity, *see* Compl. at 1, such claims are dismissed without prejudice and without leave to renew pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.[3]

[3] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official

### 2. First Amendment Retaliation Claims

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "To be an 'adverse action,' retaliatory conduct must be the type that would deter 'a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.'" *Hayes v. Dahlke*, 976 F.3d 259, 274 (2d Cir. 2020) (quoting *Davis*, 320 F.3d at 353)).

"[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

Here, the Court assumes, without conclusively deciding, that plaintiff’s letter to Delisle satisfied the first element for a retaliation claim. Specifically, “it is well-established that . . .

---

for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

writing letters . . . complaining about Defendant's failure to take any corrective action . . . [amounted to] speech protected under the First Amendment." *Cowart v. Abdel-Razzaq*, No. 1:08-CV-0554, 2011 WL 890696, at *6 (W.D.N.Y. Mar. 14, 2011) (citing *Beechwood Restorative Care Ctr. V. Leeds*, 436 F.3d 147, 152 (2d Cir. 2006) (concluding that "complaints, protests, and lawsuits" amount to protected speech under the First Amendment).

However, the pleading is more troublesome when evaluating the adverse action prong. This Court has said that "[t]he filing of a false misbehavior report can qualify as an adverse action for purposes of a First Amendment retaliation [claim]." *Reed v. Doe No. 1*, No. 9:11-CV-0250 (TJM/DEP), 2012 WL 4486086, at *5 (N.D.N.Y. Jul. 26, 2012) (citing *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir.2004)). While plaintiff argues that he was ultimately provided with a false misbehavior report which led to the termination of his job, the immediate alleged consequence of plaintiff's letter was a change in his job duties. Plaintiff failed to provide any facts about how his duties changed and differed from the duties or others; therefore, it is challenging for the Court to infer that these changes were automatically adverse actions. Further, while plaintiff alleges that the false misbehavior report resulted in his job termination, he fails to elaborate and provide any additional details regarding the events leading up to the report, the charges in the report, or the resulting disciplinary hearing.

Finally, plaintiff's pleadings for the third requirement are the most tenuous.

> In cases involving allegations of retaliation based on the filing of allegedly false misbehavior reports, "[t]he difficulty lies in establishing a retaliatory motive." *Barclay v. New York,* 477 F.Supp.2d 546, 558 (N.D.N.Y.2007). Mere conclusory allegations of such retaliatory motivation will not suffice . . . to establish retaliatory animus, which ordinarily must be shown circumstantially since direct evidence of such motivation is normally lacking, a plaintiff may cite such factors as "temporal proximity, prior good discipline, finding of not guilty at the disciplinary hearing, and statements by defendants as to their

> motives." *Id.* (citations omitted); *see also Rivera v. Goord,* 119 F.Supp.2d 327, 339 (S.D.N.Y.2000).

*Webster v. Fischer*, 694 F. Supp. 2d 163, 183 (N.D.N.Y. 2010), *aff'd*, 398 F. App'x 683 (2d Cir. 2010). Here, plaintiff's complaint is lacking in any factual allegations that would establish that requisite nexus. Specifically, plaintiff provides no explanation regarding (1) the relationship between Delisle and the unidentified Black inmate about which plaintiff complained; (2) why those complaints would inflame Delisle and inspire the consequence of changing plaintiff's job duties; or (3) how Delisle's decision to change plaintiff's job duties served as a pretext for his termination.

Accordingly, plaintiff's First Amendment claims against defendant Delisle are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**3. Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). In the alternative, under a "class of one" theory, plaintiff must allege that he has been intentionally treated

differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

Here, plaintiff appears to be relying on purposeful discrimination based upon his race to support his claim, as opposed to asserting a class-of-one claim. However, plaintiff has failed to allege that all inmate law library workers are not white. Further, plaintiff fails to present any details regarding how his duties changed and differed from the duties of others, or what happened which ultimately resulted in his misbehavior report. Consequently, there is no basis for the Court to infer that plaintiff's job duty change and/or termination were motivated by race.

Accordingly, plaintiff's Fourteenth Amendment claims against defendant Delisle are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**4. Conspiracy Claims**

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors . . .; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *see also Rasheen v. Adner*, 356 F. Supp. 3d 222, 235 (N.D.N.Y. 2019). A conspiracy claim arising under Section 1985(3) requires additionally proving that the conspiracy was engaged in "for the purpose of depriving, either directly or indirectly, any person or class of persons the equal protection of the laws." *N.Y.S. Nat'l Organization for Women v. Terry*, 886 F.2d 1339, 1358 (2d Cir. 1989); *accord Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009); *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d

1085, 1088 (2d Cir. 1993) (noting that a Section 1985 conspiracy must "be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action'" (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 82-29 (1983)); *Manbeck v. Micka*, 640 F. Supp. 2d 351, 382 (S.D.N.Y. 2009) ("[A] Section 1985 conspiracy differs from a Section 1983 conspiracy in that the plaintiff must also provide evidence that Defendants acted in concert with a racial or discriminatory animus." (internal quotation marks and citations omitted)).

Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002); *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (explaining that a conspiracy claim requires "some factual basis supporting a meeting of the minds"). Thus, a plaintiff must "make an effort to provide some details of time and place and the alleged effects of the conspiracy . . . [including] facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Warren v. Fischl*, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (citations omitted).

Finally, a conspiracy claim requires an underlying constitutional violation. *See Clark v. City of Oswego*, No. 5:03-CV-202 (NAM/DEP), 2007 WL 925724, at *7 (N.D.N.Y. Mar. 26, 2007) ("A plaintiff asserting a Section 1983 conspiracy claim must first prove a violation of the underlying constitutional right, . . ., or in other words, a civil conspiracy claim do[es] not set forth an independent cause of action but rather is sustainable only after an underlying tort claim has been established[.]" (internal quotation marks and citations omitted)); *see also Droz*

*v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009), *as amended* (Oct. 7, 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."); *DeStefano v. Duncanson*, No. 08-CV-3419, 2011 WL 651452, at *4 (S.D.N.Y. Feb. 10, 2011) ("A Section 1983 conspiracy claim against private individuals will stand 'only insofar as the plaintiff can prove the sine qua non of a § 1983 action: the violation of a federal right.'" (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)).

There are several deficiencies in plaintiff's pleading attempting to establish a conspiracy. First, the complaint is devoid of any allegations which plausibly suggest that Delisle and King formed an agreement, even tacitly, to deprive plaintiff of any of his constitutional rights. Second, plaintiff failed to provide any allegations about how Delisle and King acted in concert to inflict injury upon plaintiff since all the harm which befell plaintiff occurred prior to King's involvement in the situation. Finally, there are no Section 1983 claims that remain in this action. Because conspiracy cannot be an independent claim, it cannot move forward via the instant pleading.

Accordingly, plaintiff's conspiracy claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**D. Dismissal with Leave to Amend**

Based on the foregoing, plaintiff's complaint is dismissed under 28 U.S.C. § 28 U.S.C. § 1915A(b). In light of plaintiff's pro se status, the Court will afford him the opportunity to file an amended complaint against one or more proper defendants. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). In any amended complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claim that any individual named as a defendant

was a state actor who personally engaged in misconduct or wrongdoing that violated his constitutional rights. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without further order.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's remaining Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and comply with this Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must

comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: August 17, 2026

Elizabeth C. Coombe
U.S. District Judge